**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0361-15T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MICHAEL GOMES, a/k/a
MICHAEL WELLS,

    Defendant-Appellant.

_____

          Submitted January 25, 2017 — Decided  March 22, 2017

          Before Judges Accurso and Manahan.

          On appeal from Superior Court of New Jersey,
          Law Division, Hudson County, Indictment No.
          13-09-1698.

          Joseph E. Krakora, Public Defender, attorney
          for appellant (Abby P. Schwartz, Designated
          Counsel, on the brief).

          Esther Suarez, Hudson County Prosecutor,
          attorney for respondent (Frances Tapia Mateo,
          Assistant Prosecutor, on the brief).

PER CURIAM

    Defendant, Michael Gomes, appeals from an order denying his

petition for post-conviction relief (PCR) after oral argument,

without an evidentiary hearing.  We affirm.

A grand jury charged defendant with first-degree robbery, N.J.S.A. 2C:15-1 (count one); second-degree possession of a weapon for unlawful purposes, N.J.S.A. 2C:39-4a (count two); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5b, (count three); and third-degree receiving stolen property, N.J.S.A. 2C:20-7 (count four).

Pursuant to a plea agreement on May 8, 2014, defendant pled guilty to count three of the indictment. Prior to sentencing, on June 19, 2014, defendant filed a pro se motion seeking to have trial counsel relieved and to withdraw his guilty plea. Based upon that motion, a new attorney was appointed to represent defendant.

On February 20, 2015, defendant appeared for a hearing on the motion with his new counsel. Defendant withdrew his motion and advised the judge he was prepared to proceed with sentencing. That same day, defendant was sentenced to a five-year state prison term with three-years' parole ineligibility. Appropriate fines and penalties were imposed. The remaining counts of the indictment were dismissed.

On March 9, 2015, defendant filed a pro se PCR. Four months later, defendant's PCR counsel filed a certification on behalf of defendant and submitted a supplemental brief. In his PCR, defendant argued that his counsel was ineffective for failing to

review the case, failing to provide defendant with discovery, failing to apprise defendant of the strengths and weaknesses of the State's evidence, and failing to investigate the plea bargain's effect on pending criminal charges against him in Massachusetts.

In a thorough and well-reasoned oral opinion, the judge denied the petition finding that defendant's arguments primarily amounted to vague allegations and the assertions were "directly contrary to the statements [defendant] made under oath at the time he entered his plea." Specifically, the judge pointed to defendant's statement during the plea that counsel fully discussed the case, its facts and circumstances, and his potential defenses. The judge also noted that counsel properly apprised defendant of his sentence exposure, explaining that defendant's prior offenses made him eligible for an extended prison term if convicted after trial.

Defendant alleged that his second trial counsel did not make a sufficient effort to determine the status of the pending Massachusetts charges, and argued that this would have had a "big effect" on the New Jersey criminal charges.[1] The judge disagreed. Subsequent to the plea, the judge noted those charges remained pending due to an issue with the testing of the narcotics involved.

---

[1] There is nothing in the record beyond defendant's bald assertion as to whether the Massachusetts criminal charges or their status could have had any impact on the New Jersey charges.

A-0361-15T1

The judge found this issue could not have been reasonably anticipated by defendant's counsel, and concluded the argument was without merit.

Defendant raises the following point on appeal:

POINT I

BY FAILING TO INVESTIGATE THE OFFENSE, FAILING TO GIVE [DEFENDANT] A COPY OF HIS DISCOVERY SO THAT [DEFENDANT] COULD GO OVER THE STATE'S PROOFS WITH HIS [ATTORNEY], FAILING TO MEET WITH [DEFENDANT], AND, FAILING TO FILE A MOTION TO WITHDRAW [DEFENDANT'S] GUILTY PLEA, COUNSEL WAS INEFFECTIVE IN VIOLATION OF [DEFENDANT'S] RIGHTS TO DUE PROCESS AND A FAIR TRIAL.

"Post-conviction relief is New Jersey's analogue to the federal writ of habeas corpus." State v. Preciose, 129 N.J. 451, 459 (1992). Under Rule 3:22-2(a), a criminal defendant is entitled to post-conviction relief if there was a "[s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey[.]"  "A petitioner must establish the right to such relief by a preponderance of the credible evidence." Preciose, supra, 129 N.J. at 459 (citations omitted).  "To sustain that burden, specific facts" that "provide the court with an adequate basis on which to rest its decision" must be articulated. State v. Mitchell, 126 N.J. 565, 579 (1992).

Claims of constitutionally ineffective assistance of counsel are well suited for post-conviction review. See R. 3:22-4(a)(2); Preciose, supra, 129 N.J. at 460. In determining whether a defendant is entitled to relief on the basis of ineffective assistance of counsel, New Jersey courts apply the two-prong test articulated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d 674, 698 (1984), and United States v. Cronic, 466 U.S. 648, 658-60, 104 S. Ct. 2039, 2046-47, 80 L. Ed. 2d 657, 667-68 (1984). Preciose, supra, 129 N.J. at 463; State v. Fritz, 105 N.J. 42, 49-50 (1987).

Under the first prong of the Strickland test, a "defendant must show that [defense] counsel's performance was deficient." Strickland, supra, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693. Under the second prong, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698.

In demonstrating that counsel's performance was deficient under the first prong of Strickland, a defendant must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Fritz, supra, 105

N.J. at 52 (quoting Strickland, supra, 466 U.S. at 689, 104 S. Ct. at 2065, 80 L. Ed. 2d at 694).

In satisfying the second prong, because prejudice is not presumed, a defendant must typically demonstrate "how specific errors of counsel undermined the reliability of the finding of guilt." Cronic, supra, 466 U.S. at 659 n.26, 104 S. Ct. at 2047 n.26, 80 L. Ed. 2d at 668 n.26 (citation omitted); see also Roe v. Flores-Ortega, 528 U.S. 470, 482, 120 S. Ct. 1029, 1037, 145 L. Ed. 2d 985, 998 (2000). There must be "a probability sufficient to undermine confidence in the outcome." Strickland, supra, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698.

The United States Supreme Court has applied these principles to a criminal defense attorney's representation of an accused in connection with a plea negotiation. Lafler v. Cooper, 566 U.S. 156, 162-163, 132 S. Ct. 1376, 1384-85, 182 L. Ed. 2d 398, 406-07 (2012); Missouri v. Frye, 566 U.S. 134, 144 132 S. Ct. 1399, 1407-08, 182 L. Ed. 2d 379, 390 (2012). A defendant must demonstrate with "reasonable probability" that the result would have been different had he received proper advice from his trial attorney. Lafler, supra, 566 U.S. at 163, 132 S. Ct. at 1384, 182 L. Ed. 2d at 407 (citing Strickland, supra, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698).

A-0361-15T1

Review of an order granting or denying PCR contains consideration of mixed questions of law and fact. State v. Harris, 181 N.J. 391, 415-16 (2004), cert. denied, 545 U.S. 1145, 125 S. Ct. 2973, 162 L. Ed. 2d 898 (2005). The appellate court defers to a PCR court's factual findings and will uphold those findings that are "supported by sufficient credible evidence in the record." State v. Nash, 212 N.J. 518, 540 (2013) (citations omitted). However, a PCR court's interpretations of law are provided no deference and are reviewed de novo. Id. at 540-41.

On appeal, defendant contends he received ineffective assistance of counsel since his counsel failed to review the case, failed to provide him with discovery, failed to apprise defendant of the strengths and weaknesses of the State's evidence, and failed to investigate the plea bargain's effect on his pending criminal charges in Massachusetts.

We view defendant's criticism of his counsel's performance as directed at his post-conviction dissatisfaction with the plea agreement. In essence, defendant alleges that, but for his counsel's unprofessional errors, he would not have entered into the plea. The record belies that bald allegation. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div.), certif. denied, 162 N.J. 199 (1999) (" A petitioner must do more than make bald

assertions that he was denied the effective assistance of counsel.")

After the terms of the plea agreement were placed on the record by counsel, the judge, who was also the PCR judge, addressed defendant regarding his understanding of its terms. The judge specifically addressed defendant's right to go to trial and the consequences of pleading guilty to the charged offense. The judge also alerted defendant to the imposition of parole ineligibility and inquired whether he had questions for the court or his counsel. At the conclusion of the judge's instructions, counsel questioned defendant about the circumstances surrounding the commission of the offense. Defendant acknowledged his culpability, specifically as to the possession of a weapon charge for which he was pleading guilty. Despite the opportunity to do so, defendant did not express reticence in entering the plea based upon the arguments he now raises; that he was uniformed by a lack of discovery or a lack of knowledge about the strengths and weaknesses of the State's case.

Regarding the plea process, a guilty plea may not be entered without the judge first addressing defendant personally and determining by inquiry of defendant and others, in the court's discretion, that there is a factual basis for the plea and that the plea is made voluntarily, with an understanding of the nature

of the charges and consequences of the plea.  R. 3:9-2; State v. Kovack, 91 N.J. 476, 484 (1982); accord State v. Simon, 161 N.J. 416, 443 (1999); State v. Barboza, 115 N.J. 415, 420-21 (1989); State v. Howard, 110 N.J. 113, 122 (1988); State v. Sainz, 107 N.J. 283, 292-93 (1987).  Here, the "cold record" not only supports a finding that the plea hearing complied with R. 3:9-2, the substance of the hearing directly refutes defendant's arguments of ineffective assistance.

Additionally, the plea agreement permitted defendant to plead guilty to one count of a four-count indictment, which included a count for first-degree robbery.  The agreement called for a five-year-term of imprisonment subject to a parole disqualifier.  However, if convicted after trial on the other charges, defendant was subject to a more severe aggregate sentence of incarceration, including eighty-five percent parole ineligibility subject to the "No Early Release Act" on the robbery.  Notably, the State's proofs included a co-defendant's statement implicating defendant.

Placed in context, we are satisfied that counsel's performance with respect to his obtaining the plea agreement was well within the minimum standard of effective assistance of counsel.  "The test is not whether defense counsel could have done better, but whether he [or she] met the constitutional threshold for effectiveness."  State v. Nash, supra, 212 N.J. at 543.

A-0361-15T1

The record is devoid of any basis to support the finding that counsel's performance was deficient or that he was not functioning in a manner guaranteed by the Sixth Amendment. See State v. Gaitan, 209 N.J. 339, 349-50 (2012) (citation omitted), cert. denied, ___ U.S. ___, 133 S. Ct. 1454, 185 L. Ed. 2d 361 (2013). Therefore, we conclude defendant has not made out a prima facie case of ineffective assistance of counsel. Preciose, supra, 129 N.J. at 463.

Notwithstanding our determination as to the failure to make out a prima facie case, we briefly address the second Strickland prong. Following our review of the record, we hold with respect to the second prong that defendant has also failed to demonstrate how any alleged deficiency resulted in a prejudice that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, supra, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698; Fritz, supra, 105 N.J. at 52 (citations omitted).

Finally, we reject defendant's argument that it was error to deny the PCR without an evidentiary hearing. "An evidentiary hearing . . . is required only where the defendant has shown a prima facie case and the facts on which he relies are not already of record." Pressler & Verniero, Current N.J. Court Rules, comment 2 on R. 3:22-10 (2015). The mere raising of a claim for PCR does

not entitle defendant to an evidentiary hearing. <u>State v. Cummings</u>, 321 <u>N.J. Super.</u> 154, 170 (App. Div.), <u>certif. denied</u>, 162 <u>N.J.</u> 199 (1999). As defendant failed to establish a prima facie case of ineffective assistance of counsel, no evidentiary hearing was required.

In light of our review of the record, we conclude defendant's arguments lack sufficient merit to warrant discussion in a written opinion to the extent not already addressed. <u>R.</u>2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION